MORRIS, Judge.
A.J., a juvenile, appeals a restitution order requiring him to repay $3222.60 to the victim. As we did in D.W. v. State, 77 So.3d 804 (Fla. 2d DCA 2011), we reverse the restitution order due to procedural irregularities.
A delinquency petition was filed in February 2010 alleging that A.J. committed burglary of a dwelling or structure with damage in excess of $1000 and grand theft of property worth more than $100. A.J. entered a no contest plea to the lesser-included offense of second-degree felony burglary and agreed to pay restitution. In return, the State nolle prossed the grand theft charge. A.J. was placed on probation with restitution to be determined at a later date.
Several months later, a restitution hearing was conducted before a magistrate. The magistrate issued his report on September 28, 2010, and it was filed the next day, September 29, 2010. The report informed A.J. that he would have ten days in which to file exceptions to the report “in accordance with the Florida Rules of Juvenile Procedure 8.257(f).” Nevertheless, that same day, September 29, 2010, the juvenile court signed and filed its order directing restitution. The order does not refer to the magistrate’s report, does not contain any factual findings, and merely directs how and when payment of the restitution should be made.
As we noted in D.W., there appears to be no “authority that allowed the juvenile court to delegate its judicial determination of the amount of restitution to a magistrate ... and th[at] determination is generally deemed to be nondelegable.” Id. at 805; see also Perry v. State, 513 So.2d 254, 255 (Fla. 2d DCA 1987) (“The function of determining the amount of restitution and requiring its payment rests solely with the trial court.”). We also note — as we did in D.W. — that we are troubled by the fact that the juvenile court immediately signed. and filed the restitution order without allowing the ten-day exception period to run. See D.W., 77 So.3d at 805.
As a separate ground for reversal, A.J. contends that the State failed to prove that the victim’s loss was causally connected to the burglary and, therefore, that the restitution order cannot stand. We note that this issue was briefly addressed at the restitution hearing and that the magistrate appeared to orally reject it; however, the magistrate’s report did not contain findings on this issue. And because the juvenile court improperly delegated its authority and failed to include any findings in its order, on remand, the juvenile court must address this issue.
Reversed and remanded for a restitution hearing in the juvenile court.
SILBERMAN, C.J., and WHATLEY, J., Concur.